## Rodríguez, Demandante y Apelado, *v.* Sánchez, Demandado y Apelante.

### Apelación procedente de la Corte de Distrito de Humacao en un caso de *mandamus.*

#### No. 2335.—Resuelto en julio 29, 1921.

Mandamus—Causa de Acción—Becas.—No aduce hechos suficientes una solicitud de *mandamus* para obligar a un auditor municipal a formalizar libramiento para el pago de una beca creada por ordenanza municipal bajo la autoridad de la Ley No. 19 de marzo 9, 1911, cuando tal solicitud no especifica la clase de estudios que cursa o intenta cursar el peticionario, pues faltando esa alegación no hay base para determinar si está comprendido o no dentro de los beneficios de la ley.

Id.—Vigencia de la Ley de 1911 Autorizando a los Municipios para Crear Becas.—*Quaere:* si está vigente o no la Ley No. 19 aprobada en 9 de marzo de 1911 facultando a los municipios de Puerto Rico a sostener estudiantes en los colegios y universidades en los Estados Unidos.

Los hechos están expresados en la opinión.

Abogado del apelado: *Sr. C. Travecier.*

Abogados del apelante: *Hon. Attorney General* y *Sr. A. Arroyo.*

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

La solicitud de *mandamus* radicada en la secretaría de la Corte de Distrito de Humacao en 28 de julio de 1920 contiene las siguientes alegaciones atinentes al recurso, que para mayor claridad numeraremos por orden alfabético y transcribimos a continuación:

(a) Que Jesús María Rodríguez es un joven menor de edad, hijo del querellante, y que actualmente cursa estudios en la Universidad de Valparaiso, Ind. (U. S. of A.)

(b) Que la Asamblea Municipal de Humacao en el presupuesto de 1919 al 20 consignó la suma de $300 para ayudar a los estudios del joven Jesús María Rodríguez, cuya cantidad había de pagarse por trimestres.

(c) Que en el trimestre comprendido entre marzo 1 y 31 de mayo de 1920, se expidió por el Hon. Vicente Ortiz, Co-

misionado de Servicio Público, jefe de la dependencia, libramiento de pago por dicho trimestre ya vencido (expedido primero junio, 1920) y el querellado se negó a ordenar el pago de los $75 correspondientes al referido trimestre sin causa legal o motivo justificado.

(*d*) Que el acuerdo del municipio de Humacao es válido y se ajusta a los preceptos de la actual Ley Municipal y el querellante no tiene otro medio que el presente recurso para obligar al contador a cumplir el acuerdo de la asamblea municipal que el presente.

La solicitud concluye con la súplica de que se ordene al querellado a formalizar el libramiento correspondiente para que el Tesorero del municipio pague el referido trimestre y los sucesivos mientras esté en vigor la ordenanza.

La corte de Humacao en 30 de julio de 1920 ordenó al Auditor Municipal de Humacao pague a Jesús María Rodríguez la suma de $75 por el trimestre de abril, mayo y junio de 1920 inmediatamente después de recibir la notificación de la orden y si no lo hiciere comparecería ante la corte en 9 de agosto siguiente a mostrar causa para el incumplimiento.

El auditor municipal contestó por medio de su abogado Rafael López Antongiorgi que aceptaba por ser ciertas las alegaciones (*a*) y (*b*) y también la (*c*) menos en cuanto se negaba a hacer el pago sin causa legal o motivo justificado y también negó en términos absolutos la alegación letra (*d*). Como materia nueva expuso que no existe en la Isla de Puerto Rico ley o precepto legal alguno que autorice a los municipios de Puerto Rico para sostener estudiantes en los colegios y universidades de los Estados Unidos y que la Ley No. 19 de marzo de 1911 que autorizaba a los municipios a conceder becas para que jóvenes estudiantes pudieran cursar estudios de agricultura, agronomía, selvicultura y las varias ramas de ingeniería quedó derogada a partir de la

aprobación de la Ley Orgánica que prohibe pagos de esta naturaleza cuando la institución en que se cursan dichos estudios no está bajo el control absoluto de El Pueblo de Puerto Rico.

La corte, por sentencia de 13 de agosto de 1920, declaró con lugar la solicitud presentada y en su consecuencia dictó un auto definitivo de *mandamus* en los términos solicitados.

De esa sentencia apeló el demandado.

El demandado-apelante al iniciar su alegato en apoyo del recurso manifiesta "que por conducto del Attorney General que comparece somete a la consideración de este Tribunal Supremo el alegato con el fin de que se resuelvan en un sentido o en otro las cuestiones planteadas," y por modo expreso hace constar el Attorney General "que por las circunstancias de ser el Lcdo. Rafael López Antongiorgi el abogado del municipio de Humacao, se retiró éste de la representación del apelante, y que siendo las cuestiones planteadas en el caso de sumo interés para El Pueblo de Puerto Rico el Attorney General que suscribe el alegato, aún cuando tiene dudas sobre las cuestiones que va a plantear, desea presentarlas y someterlas ante este tribunal a fin de que por el mismo se resuelva lo que sea procedente en justicia y de acuerdo con la ley."

El Attorney General formuló los siguientes señalamientos de errores:

1. Los municipios de Puerto Rico no están autorizados ni por la Ley Municipal ni por ningún otro estatuto público aprobado por nuestra Asamblea Legislativa para conceder becas a estudiantes de colegios y universidades de los Estados Unidos.

2. La Ley No. 19 de 1911 ha sido derogada por el párrafo 19 de la sección segunda del Acta Jones.

La parte apelada niega que se hayan cometido los errores apuntados y al amparo de la Ley No. 19 de 1911, cuya

vigencia sostiene, pide la confirmación de la sentencia re-
currida.

Sin entrar a considerar si dicha ley ha sido derogada y
estimándola vigente a los efectos del recurso, opinamos que
los hechos alegados en la demanda no colocan al peticionario
dentro de las condiciones exigidas por aquélla para disfru-
tar del beneficio que solicita. Y aunque tal cuestión no se
ha levantado en la corte inferior ni ante esta Corte Suprema
la levantamos de oficio en ejercicio de nuestra jurisdicción.

La Ley No. 19 aprobada en 9 de marzo de 1911 contiene
siete secciones y la primera reza textualmente como sigue:

"Sección 1ª.—Por la presente se faculta a los municipios de pri-
mera y segunda clase y, con la aprobación del Gobernador a los mu-
nicipios de tercera clase, para sostener a jóvenes en los colegios y
universidades de los Estados Unidos, con fondos a su disposición, con
objeto de cursar estudios y graduarse en las siguientes materias:
Agricultura, Agronomía, Selvicultura, y las varias ramas de Inge-
niería."

En la solicitud de *mandamus* que dejamos transcrita se
alega que la Asamblea Municipal de Humacao en el presu-
puesto del 1919–20 consignó la suma de $300 para ayudar
a los estudios del joven Jesús María Rodríguez que cursaba
estudios en la Universidad de Valparaiso, Indiana, pero no
se expresa cuáles fueron esos estudios para poder apreciar
si estaba comprendido entre los que menciona la sección in-
dicada; y en virtud de tal omisión tenemos que llegar a la
conclusión de que el peticionario no mostró tener derecho a
la apropiación hecha a su favor, pues por más que también
alega que el querellado se negó a ordenar el pago de la
suma asignada sin causa legal o motivo justificado y que
el acuerdo del municipio de Humacao es válido y se ajusta
a los preceptos de la Ley Municipal, esas son conclusiones
legales, ineficaces para los fines de su pretensión.

Es de revocarse la sentencia apelada, declarándose sin

lugar el auto definitivo de *mandamus* solicitado, sin especial condena de costas.

> *Revocada la sentencia apelada y declarado sin lugar el* mandamus.

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.